No. 25-51004

_____

In the United States Court of Appeals for the Fifth Circuit
_____

Defense Distributed,

                                      Plaintiff—Appellee.

v.

YouTube LLC, Google LLC, and Alphabet, Inc.,

                                      Defendants-Appellants,

_____

Appeal from the United States District Court for the
Western District of Texas; No. 1:25-cv-01095-ADA-ML

_____

**Defense Distributed's
Motion to Dismiss the Appeal for Lack of Jurisdiction**

_____

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

## Table of Contents

                                                                               **Page**

Table of Contents ..................................................................................................ii

Certificate of Interested Persons..........................................................................iii

Argument ..............................................................................................................1

I.      The Court lacks appellate jurisdiction. ...........................................................1

II.     Dismissal should occur *immediately* to stop lower court interference. ............4

Conclusion ............................................................................................................7

Certificate of Conference ......................................................................................8

Certificate of Compliance......................................................................................8

## Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Appellants | Youtube LLC |
| | Google LLC |
| | Alphabet Inc. |
| Appellants' Counsel | Scott Douglass & McConnico LLP |
| Appellee | Defense Distributed |
| Appellee's Counsel | Flores Law PLLC |
| | Chad Flores |

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

**Argument**

Appellee Defense Distributed moves to dismiss this appeal for lack of appellate jurisdiction. Plain Section 1404 transfer orders are not appealable. Dismissal is required. Appellants nevertheless invoke this invalid appeal to claim a *Griggs* stay below, hoping to block a fully briefed remand ruling the district court is inclined to grant. But *Griggs* warrants no stay when the attempted appeal will not lie. So it is not just critical that the Court dismiss this appeal for the usual reasons (enforcement of Congress's immutable jurisdictional limits). It is critical that the Court dismiss this appeal *immediately* so that proceedings below are wrongly detained no longer.

**I.     The Court lacks appellate jurisdiction.**

This Court has only the jurisdiction that Congress gives and a party invokes. Appellants seek an exercise of appellate jurisdiction over a plain interlocutory order denying a motion to transfer under 28 U.S.C. § 1404(a). *See* Ex. A (Doc. 50 notice of appeal); Ex. B (Doc. 48 decision). But this Court has no such appellate jurisdiction.

The accepted national rule is that an interlocutory order denying a motion to transfer under 28 U.S.C. § 1404(a) is not appealable as a "final" decision: "An order granting or denying a motion to transfer venue under 28 U.S.C.A. § 1404(a) is interlocutory and thus is not immediately appealable as a 'final decision' under 28 U.S.C.A. § 1291." 15 Charles A. Wright & Arthur R. Miller, Federal Practice &

Procedure § 3855 & n.1 (3d ed. West 2025) (hereinafter "Wright & Miller"). And though "the party contesting the order may attempt to invoke the 'collateral order' doctrine, which allows immediate review of orders that are effectively unreviewable from final judgment," the accepted national rule "rejects it on the ground that other avenues—such as a motion to retransfer, certification under Section 1292(b), and extraordinary writ—remain available to review the issue." *Id.* § 3855 & n.22.

The Fifth Circuit follows these accepted rules about the appealability of plain Section 1404 transfer orders. *See generally In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *Defense Distributed v. Bruck*, 30 F.4th 414, 421 (5th Cir. 2022). Here and everywhere else, an order denying a motion to transfer under 28 U.S.C. § 1404(a) is certainly not appealable as a "final" decision. *See* Wright & Miller § 3914.12 ("Grant or denial of transfer is not final."). And neither does this Court's collateral order doctrine cover a standard Section 1404(a) transfer order. *Id.*

*In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014), correctly announces the Fifth Circuit position: "While the Supreme Court has crafted a narrow exception to the final order doctrine, termed the 'collateral order doctrine' or '*Cohen* exception,' we have previously held that transfer orders do not fall within the scope of this doctrine." *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014) (applying *Brinar v. Williamson*, 245 F.3d 515, 517 (5th Cir. 2001)). Indeed, the Supreme Court itself

held in the key case about forum selection clauses, *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989), that a transfer order does not qualify for a collateral order appeal. *Id.* at 501 ("Petitioner's claim that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage—surely as effectively vindicable as a claim that the trial court lacked personal jurisdiction over the defendant—and hence does not fall within the third prong of the collateral order doctrine."). Since this appeal challenges nothing but a plain Section 1404 transfer order, the Court has no appellate jurisdiction.

It is true that original mandamus proceedings can review certain extraordinary transfer rulings—the key case being one of a combined transfer-*and-sever* order with extraordinary circumstances, *Defense Distributed v. Bruck*, 30 F.4th at 421. But no such extraordinary transfer+ order is at issue here. And more importantly, mandamus jurisdiction is not at issue here. A party seeking mandamus "must file a petition," Fed. R. App. P. 21, and then meet the doctrine's unique demands. No filing here has mentioned mandamus, let alone made a colorable showing of its high requirements.

This is an attempted appeal from a Section 1404(a) transfer decision and nothing more. Appellate jurisdiction is plainly absent. Enforcement of Congress's jurisdictional boundaries via dismissal is mandatory. And for the key reasons shown below, this dismissal for lack of appellate jurisdiction should occur i*mmediately*.

## II. Dismissal should occur *immediately* to stop lower court interference.

The process of carrying a motion to dismiss with the appeal is not appropriate here. Instead, *immediate* adjudication of this motion to dismiss is warranted because Appellants are using this baseless appeal as a procedural weapon to interfere with ongoing district court proceedings. Below, Appellants are invoking this appeal's existence to claim a *Griggs* stay and freeze the district court just as an adverse remand ruling became imminent. But *Griggs* stays nothing if the appeal lacks jurisdiction. This Court should therefore dismiss the appeal for lack of jurisdiction *immediately* to remove any *Griggs*-based pretext for halting the district court's work.

This litigation's trajectory is clear. The case is going back to Texas state court where it belongs. Appellants rightly lost their motion to transfer to this case from a Texas federal court to a California federal court. Remand is next. A motion to remand the action back to its original state court is almost fully briefed, Exs. C-H, and the district court has said that it is inclined to grant remand soon, Ex. F at 26-27 ("As of right now, with the state of the pleadings, my inclination would be to remand it."). Knowing that a remand decision is not appealable, *see, e.g.*, *Harrow v. Dep't of Def.*, 601 U.S. 480, 487 (2024), Appellants engineered this detour in hopes of further delaying the inevitable.

Below, Appellants say that the mere existence of this appeal from the transfer decision divests the district court of its power to decide the pending motion to remand. Right after filing their notice of appeal, Appellants filed in the district court a "Notice of Notice of Appeal." Ex. H (Doc. 51 below). The "Notice" invokes *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), to say that this appeal's pendency automatically halts the district court's resolution of the motion to remand. Not so. Because this Court lacks appellate jurisdiction, the court below must proceed.

In truth, *Griggs* does not apply and the district court retains full authority to decide the motion to remand and every other part of this case. The *Griggs* divestiture principle does *not* apply when the appellate court lacks jurisdiction—i.e., when the appeal is from an unappealable order. Trying to appeal an unappealable order yields no stay. *Griggs* says so. *Griggs*, 459 U.S. at 58 ("notice of appeal from unappealable order does not divest district court of jurisdiction" (explaining *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)). This Court agrees. *See Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 526 (5th Cir. 1986). Nationwide, "an appeal from a clearly non-appealable order fails to oust district court authority." Wright & Miller § 3949.1 & nn.72-73. Because this transfer decision's appeal is jurisdictionally dead on arrival, the *Griggs* divestiture principle does not apply and the district court remains free and indeed obligated to proceed forthwith.

The district court may very well realize all of this and proceed as it should. Yet prompt action from this Court remains essential to prevent abuse. A key case *Griggs* approved supports the approach of having the court of appeals promptly confirm to the district court that proceeding is proper. *See Ruby*, 365 F.2d at 389 ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals."). A faithful application of *Griggs* makes it this Court's prerogative to extinguish defective appeals swiftly, ensuring they cannot be weaponized for delay.

Letting this appeal remain on the docket—even briefly—gives Appellants exactly what they seek: leverage to obstruct an imminent remand ruling. That delay burdens the trial court and undermines its need to police original jurisdiction at the earliest possible moment. But the district court here cannot do so cleanly while Appellants wave notions of a doomed appeal's mandatory stay. Allowing this appeal to remain open therefore frustrates the statutory duty to remand with expediency and undermines efficient docket management in both courts.

To get the stay they want, Appellants would have to do things the right way: file a mandamus petition, file a stay motion in that proceeding, and make a serious showing that they are likely to obtain that extraordinary relief. They have done none of that. They instead try to hijack *Griggs* by appealing a nonappealable order and claiming an automatic stay they have not earned. As inequitable as that jurisdictional end run may be, the equities don't matter. A lack of appellate jurisdiction must always be fully enforced no matter what. The Court should end the confusion and prevent further gamesmanship by enforcing its jurisdictional boundaries not just eventually (as by carrying the motion with the case), but immediately.

## Conclusion

The Court should resolve the motion as soon as is practicable, either without waiting for a response or by setting an expedited schedule. The Court should grant the motion and issue an order dismissing the appeal for lack of appellate jurisdiction.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

**Certificate of Conference**

The Appellants oppose this motion. Movant's counsel determined that by conferring with counsel for the Appellants and obtaining their position via e-mail

/s/ Chad Flores<br>
Chad Flores

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains 1,640 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.103.3

/s/ Chad Flores<br>
Chad Flores