No. 25-51004

# United States Court of Appeals for the Fifth Circuit

DEFENSE DISTRIBUTED,

*Plaintiff-Appellee*

*v.*

YOUTUBE LLC, GOOGLE LLC, AND ALPHABET, INC.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas (No. 1:25-cv-01095-ADA)

## OPPOSITION OF DEFENDANTS-APPELLANTS TO MOTION TO DISMISS FOR LACK OF JURISDICTION

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

*Counsel for Defendants-Appellants*
*YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.  Plaintiff-Appellee is Defense Distributed. To Defendants-Appellants' knowledge, Defense Distributed has no parent company and is not a publicly traded company.

2.  Plaintiff-Appellee is represented in the Fifth Circuit by Chad Flores of Flores Law PLLC.

3.  Defendants-Appellants are YouTube LLC, Google LLC, and Alphabet, Inc. YouTube LLC is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings, Inc., which is a subsidiary of Alphabet, Inc. Alphabet, Inc. is a publicly traded company, but no publicly traded company owns 10% or more of its stock.

4.  Defendants-Appellants are represented in the Fifth Circuit by Jonathan Patchen, Michael A. Rome, Anika Holland, Madeleine R. Ahlers, and Connie L. Wang of Cooley LLP and Steven J. Wingard, Robyn Hargrove, and Eli Barrish of Scott Douglass & McConnico LLP.

*/s/ Jonathan Patchen*

Jonathan Patchen
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

*Counsel for Defendants-Appellants
YouTube LLC, Google LLC, and
Alphabet, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

BACKGROUND ..................................................................................4

    A.    Plaintiff Appeals an Adverse Transfer Order.......................................4

    B.    Plaintiff Agrees to YouTube's and Google Ads's Terms of Service, Including Their Forum-Selection Clauses ............................5

    C.    Plaintiff Sues Defendants in Texas in Contravention of the Forum-Selection Clauses.......................................................6

    D.    The District Court Denies Defendants' Motion to Transfer ...............6

ARGUMENT .......................................................................................7

    I.    This Court Has Appellate Jurisdiction to Review the District Court's Transfer Order Under the Collateral-Order Doctrine .............8

    II.    Alternatively, This Court May Review the District Court's Transfer Order As an Exercise of Its Mandamus Jurisdiction...........14

    III.    If the Motions Panel Does Not Deny Plaintiff's Motion, It Should Be Carried With the Case .....................................................16

CONCLUSION ...................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bradford*,
660 F.3d 226 (5th Cir. 2011) ..................................................................*passim*

*Brinar v. Williamson*,
245 F.3d 515 (5th Cir. 2001) ....................................................... 11-12

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004).........................................................................19

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949).........................................................................8

*Davis v. Meta Platforms, Inc.*,
2023 WL 4670491 (N.D. Cal. July 20, 2023) ...............................3, 13

*Defense Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) ..........................................................*passim*

*In re Delta Servs. Indus., Etc.*,
782 F.2d 1267 (5th Cir. 1986) .........................................................15

*In re Foster*,
644 F. App'x 328 (5th Cir. 2016) (per curiam).................................15

*Gebbia v. Wal-Mart Stores, Inc.*,
233 F.3d 880 (5th Cir. 2000) ...........................................................18

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56 (1982)...........................................................................18

*Lauro Lines s.r.l. v. Chasser*,
490 U.S. 495 (1989).................................................................... 13-14

*In re Media Matters for Am.*,
143 F.4th 631 (5th Cir. 2025) ..........................................................16

*Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*,
68 F.4th 206 (5th Cir. 2023) ............................................................17

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993)...................................................................8

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996)............................................................. 13-14

*In re Rolls Royce Corp.*,
    775 F.3d 671 (5th Cir. 2014) ......................................... 9-11

*In re Sepulvado*,
    707 F.3d 550 (5th Cir. 2013) ...................................... 4, 9-11

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938).................................................................18

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ........................................ 15-16

*United Nat. Foods, Inc. v. NLRB*,
    66 F.4th 536 (5th Cir. 2023) ...............................................17

*United States v. Williams*,
    400 F.3d 277 (5th Cir. 2005) ...............................................15

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) .......................*passim*

**Statutes**

28 U.S.C.
    § 1292(b).................................................................................10
    § 1404(a) .................................................................... 6, 14-16
    § 1631......................................................................................11

Tex. Civ. Prac. & Rem. Code
    §143A.....................................................................................6, 7
    §143A.003..................................................................................7
    §143A.0035................................................................................7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Other Authorities**

Fed. R. App. P. 21 ..................................................................................................15

# INTRODUCTION

Plaintiff Defense Distributed unambiguously agreed to forum-selection clauses requiring disputes just like this one to be litigated exclusively in California. Plaintiff did not contest that those clauses are mandatory and presumptively enforceable, or that its lawsuit falls squarely within their scope. Nonetheless, the district court denied Defendants' motion to transfer, holding that the forum-selection clauses are unenforceable on the basis of Texas's "strong public policy." The district court's decision was legally erroneous. As explained in Defendants' forthcoming opening brief, under Supreme Court and Fifth Circuit precedent, the district court was not permitted to consider Texas's public policy of hostility toward forum-selection clauses in the enforceability analysis, and even if it could, the district court failed to give proper weight to the strong federal public policy in favor of enforcing such clauses.[1]

Plaintiff now seeks to insulate the district court's unsound decision from this Court's review by moving this Court to dismiss Defendants' appeal for lack of jurisdiction. This Court should deny Plaintiff's motion because, whether through appeal or mandamus—which Defendants seek in the alternative—this Court has

---

[1] Defendants are prepared to file their opening brief—which requests mandamus relief in the alternative—within two business days of the Record on Appeal becoming available. The brief is complete save for Record on Appeal cites. The record was requested from the district court on December 18, 2025, so should be filed in this Court shortly. Dkt. No. 32.

jurisdiction to review the district court's transfer order. Plaintiff claims (at 4) that the "accepted national rule" is that a transfer order cannot be appealed. But just a handful of years ago, Plaintiff *itself* appealed an adverse transfer order and argued that such orders are appealable under the collateral-order doctrine. And far from rejecting Plaintiff's argument, this Court noted that some panels had "appl[ied] the [collateral-order] doctrine to transfer orders," although the Court ultimately had no occasion to decide whether appeal was available because it granted mandamus instead. *Defense Distributed v. Bruck*, 30 F.4th 414, 423 & n.8 (5th Cir. 2022). Plaintiff's about-face from its own position is remarkable.

In any event, this Court unquestionably has mandamus jurisdiction. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (en banc). Plaintiff protests that Defendants have not filed a mandamus petition. But Defendants stand ready to file, as soon as the Record on Appeal becomes available, an opening brief that requests mandamus relief in the alternative. That is precisely what Plaintiff did—and what this Court permitted—in *Bruck*.

Therefore, this Court should deny Plaintiff's motion to dismiss Defendants' appeal. At the very least, the motions panel should defer judgment to the merits panel. Plaintiff insists (at 7) that the Court must instead grant its motion to dismiss "*immediately*" based on unfounded accusations of gamesmanship. Plaintiff would have this Court believe that remand to state court is preordained, and that Defendants

are appealing solely to forestall that inevitable result. To the contrary, the district court remains undecided as to whether remand is warranted, which is why it requested supplemental briefing.[2] As shown in Defendants' supplemental brief, remand would be inappropriate because the district court plainly has diversity jurisdiction. Ex. I.

More to the point, the district court itself determined that resolution of the transfer dispute should precede any decision on remand. Mot. Ex. B at n.2. Defendants seek appellate review to ensure that "the court who would ultimately try the case" had the forum-selection clauses been properly enforced is the one "to rule on the remand motion." *Davis v. Meta Platforms, Inc.*, 2023 WL 4670491, at *5 (N.D. Cal. July 20, 2023). In addition, Defendants had no choice but to appeal in order to protect their right to this Court's review of the transfer order. In previous litigation and earlier *in this very case*, Plaintiff took the position that transfer orders are appealable. Because mandamus is only available if there is no other adequate means of obtaining relief, if Defendants had not appealed and this Court then denied mandamus on the basis that transfer orders are appealable (as Plaintiff previously argued), then Defendants would likely have lost any opportunity for this Court's review.

---

[2] Mot. Ex. F at 26 (district court stating that it is not "entirely certain" about the remand arguments); *id.* at 26-29 (stating that after supplemental briefs are filed, "we'll get back together and I'll let you guys argue it to me").

The real reason why Plaintiff urges this Court to hastily dismiss the appeal—without even affording Defendants a chance to respond—is not difficult to deduce. An order granting remand to state court is generally unappealable even if such remand is contrary to binding Circuit and Supreme Court authority. So if the district court were to grant remand—accepting Plaintiff's argument that diversity jurisdiction is lacking even though it *expressly pleaded* that the amount in controversy exceeds $5 million—then Defendants would likely be forced to litigate in Texas state court despite Plaintiff having agreed to a California forum. And this Court would be deprived of any opportunity to review the district court's erroneous transfer order. This Court should not entertain Plaintiff's gambit.

## BACKGROUND

### A.    Plaintiff Appeals an Adverse Transfer Order

In 2021, Plaintiff sued the New Jersey Attorney General in Texas federal district court. *Bruck*, 30 F.4th at 422. Over Plaintiff's objection, the district court transferred the case to New Jersey. *Id.* at 423. Plaintiff immediately appealed. *Id.* New Jersey urged this Court to dismiss for lack of appellate jurisdiction. Ex. B at 20-22. In response, Plaintiff argued that, under Fifth Circuit precedent, transfer orders are appealable under the collateral-order doctrine. Ex. C at 9-10 (citing *In re Bradford*, 660 F.3d 226 (5th Cir. 2011), and *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013)). In the alternative, it asked this Court to construe its appeal as a

mandamus petition. Ex. A at 18. After receiving full briefing and holding oral argument, the Fifth Circuit concluded that it had jurisdiction and ordered the district court to request re-transfer. *Bruck*, 30 F.4th at 421. The Court flagged a "potential intra-circuit split" on whether transfer orders "fall within the scope of the collateral order doctrine" but declined to reach that issue, instead accepting Plaintiff's alternative request for mandamus treatment. *Id.* at 423 & n.8.

**B.     Plaintiff Agrees to YouTube's and Google Ads's Terms of Service, Including Their Forum-Selection Clauses**

Defendant YouTube LLC makes YouTube—an online service for sharing and viewing videos—available to the public. Ex. D at 20. Defendant Google LLC provides the YouTube service as well as Google Ads, a digital service that allows businesses and individuals to display ads on YouTube and other Google websites. *Id.*; Ex. F at 10. Defendant Alphabet, Inc. is the parent company of both YouTube LLC and Google LLC. Ex. D at 20-21.

YouTube and Google Ads users must agree to the platforms' Terms of Service, each of which contains a mandatory, exclusive forum-selection clause requiring litigation in Santa Clara County, California. Ex. F ¶ 5; Ex. G ¶ 5. There was no dispute below that Plaintiff agreed to those Terms, including the forum-selection clauses. Mot. Ex. B at 3-4.

**C.  Plaintiff Sues Defendants in Texas in Contravention of the Forum-Selection Clauses**

Despite agreeing that any disputes arising from its use of YouTube or Google Ads would be litigated exclusively in California, Plaintiff sued Defendants in Texas state court.  It alleged that Defendants "censored" its videos and ads in violation of Texas House Bill 20, codified as Texas Civil Practice and Remedies Code Chapter 143A.  Ex. D at 16.  Defendants removed the case to federal court.  Shortly thereafter, Plaintiff filed a motion to remand and Defendants filed a motion to transfer under 28 U.S.C. § 1404(a), premised on the Terms's forum-selection clauses.

**D.  The District Court Denies Defendants' Motion to Transfer**

The district court exercised its discretion to address the transfer motion first.  Mot. Ex. B at n.2.  The district court acknowledged that Plaintiff did "not dispute that its claims fall within the scope of the forum-selection clauses or that the clauses are mandatory."  *Id.* at 3-4.  It further recognized that "[f]ederal law applies to determine the enforceability of forum selection clauses in diversity cases," and that "[u]nder federal law, there is a 'strong presumption' in favor of enforcing mandatory forum-selection clauses."  *Id.* at 4 (citations omitted).

Nevertheless, the district court declined to enforce the forum-selection clauses.  The court concluded that Plaintiff had overcome the strong presumption in favor of enforceability by showing that enforcing the clauses "would contravene a strong public policy of Texas."  Mot. Ex. B at 4.  The Court relied on two provisions

6

of Chapter 143A that declare any forum-selection clause in a Chapter 143A case to be void and announce that non-enforcement of such clauses reflects a "public-policy limitation . . . of the highest importance and interest" to Texas. Tex. Civ. Prac. & Rem. Code §§143A.003, 143A.0035.

Defendants timely appealed the district court's order denying their motion to transfer. Defendants' opening brief, which will be filed as soon as the Record on Appeal becomes available, explains that the district court's order was legally erroneous under Supreme Court and Fifth Circuit precedent. Plaintiff now moves to dismiss Defendants' appeal for lack of jurisdiction.

## ARGUMENT

As Plaintiff argued to this Court just a few years ago, while represented by the same counsel, "[t]he question is not whether jurisdiction exists, but which—appellate jurisdiction via the collateral order doctrine or original mandamus jurisdiction. Either way, the Court has all the power it needs." Ex. C at 9. That is just as true now as it was when Plaintiff appealed an adverse transfer order in *Bruck*. Plaintiff's about-face now that it is on the other end of a transfer order is striking. It goes so far as to urge (at 7) that this Court grant its motion "*immediately*," without even affording Defendants an opportunity to respond, supposedly to put a stop to gamesmanship—but the only gamesmanship is Plaintiff's own. Plaintiff seeks to thwart this Court's ability to review the district court's transfer decision by ushering

the case into the confines of Texas state court. Rather than facilitate such circumvention, this Court should deny Plaintiff's motion. And if the motions panel does not deny the motion outright, it should at least defer judgment to the merits panel. That would allow the Court to make a considered, rather than rushed, decision about the proper jurisdictional basis for reviewing the district court's transfer order and whether that order was correct—just as it did in *Bruck*.

## I. This Court Has Appellate Jurisdiction to Review the District Court's Transfer Order Under the Collateral-Order Doctrine

This Court has appellate jurisdiction to review the district court's order erroneously denying Defendants' motion to transfer under the collateral-order doctrine, as Plaintiff correctly observed when it appealed an adverse transfer order a handful of years ago. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); Ex. A at 17; Ex. C at 9.

A district court's order is reviewable under the collateral-order doctrine if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). This Court has already established that those three requirements are satisfied with respect to transfer orders. In *Bradford*, this Court held that it had jurisdiction to consider an appeal from a district court's transfer order under the collateral-order doctrine. 660 F.3d at 229.

This Court reaffirmed that holding in *Sepulvado*. 707 F.3d at 552.

Plaintiff repeatedly invokes (at 4, 5) the purported "accepted national rule" to claim that a transfer order "is not appealable as a 'final' decision." But it makes no difference whether a transfer order is "final" as traditionally understood because such orders fall within the collateral-order doctrine, an *exception* to the final-judgment rule. Mot. 5 (quoting *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014) (describing the collateral-order doctrine as an "exception to the final order doctrine")). And as Plaintiff itself previously explained, this Court's rule as established in *Bradford* and *Sepulvado* is that transfer orders are immediately appealable under the collateral-order doctrine. Ex. C at 9-11. This Court's on-point, precedential decisions carry more weight than the treatise Plaintiff invokes.

Plaintiff relies (at 5) on *Volkswagen* and *Bruck* to argue that this Court follows the supposed "national rule" against collateral-order review of transfer orders. Neither case supports Plaintiff's contention, and indeed, *Bruck* affirmatively contradicts it.

*First*, in *Volkswagen*, the Court did not even address the collateral-order doctrine. It merely stated that "mandamus is *an* appropriate means"—not the exclusive means—of seeking review of a district court's transfer order. 545 F.3d at 308 (emphasis added). Therefore, the Court did not rule out *other* appropriate means of seeking review, such as an appeal under the collateral-order doctrine. Moreover,

*Volkswagen* explicitly states that (1) appeal from a final judgment is not an "adequate remedy" for obtaining relief from an "improper failure to transfer" (one of the requirements for collateral-order review), and (2) that "interlocutory review of transfer orders under 28 U.S.C. § 1292(b) is unavailable." *Id.* at 318-19. But tellingly, the Court made no mention of collateral-order review being off limits.

*Second*, in *Bruck*, far from rejecting the applicability of the collateral-order doctrine to transfer orders, the Court explicitly acknowledged that prior Fifth Circuit decisions have held that the doctrine does apply to transfer orders. As explained above, in that case, Plaintiff itself appealed from an adverse transfer order and, in the alternative, asked this Court to construe its opening brief as a mandamus petition. In resolving Plaintiff's appeal, the Court noted that while some of its previous decisions had suggested that transfer orders do not fall within the scope of the collateral-order doctrine, others had applied the doctrine to transfer orders. *Bruck*, 30 F.4th at 423 n.8 (citing *Rolls Royce*, 776 F.3d at 676, for the former, and *Bradford*, 660 F.3d at 229, and *Sepulvado*, 707 F.3d at 552, for the latter). Rather than wade into that "potential intra-circuit split," this Court "pretermit[ted] [Plaintiff's] resort to the collateral order doctrine" and treated its appeal as a mandamus petition, which the Court granted. 30 F.4th at 423 & n.8. By definition, if *Bruck* "pretermit[ted]" the "intra-circuit split" on whether transfer orders can be appealed as collateral orders, then *Bruck* did not settle that issue. In any event, the three-judge panel in

*Bruck* could not have conclusively resolved the issue even had it wanted to because one panel of this Court has no power to nullify the earlier decisions of other panels like *Bradford* and *Sepulvado*.

Plaintiff then invokes *Rolls Royce* (at 5) to argue that "the Fifth Circuit's position" is that the collateral-order doctrine does not cover transfer orders. But as Plaintiff itself previously observed, "*Rolls Royce* is not controlling because the rule of orderliness gives precedence to other decisions," like the Court's earlier decisions in *Bradford* and *Sepulvado*, "that uphold the collateral order doctrine's application here." Ex. C at 9. Moreover, as Plaintiff noted in *Bruck*, *Rolls Royce*'s conclusion that "the unavailability of meaningful review from final judgment gives rise to mandamus jurisdiction *but not a collateral order appeal* . . . is likely errant and would warrant reconsideration if it were controlling." *Id.* (emphasis in original).

*Brinar v. Williamson*, 245 F.3d 515 (5th Cir. 2001), upon which *Rolls Royce* relied, "is inapposite." *Bradford*, 660 F.3d at 229. In *Brinar*, the district court transferred a successive petition for post-conviction relief to the Ninth Circuit under 28 U.S.C. § 1631. 245 F.3d at 516. The *Brinar* Court held that the transfer order was not appealable under the collateral-order doctrine, reasoning that the order was *not* "effectively unreviewable" because it could be reviewed by the Ninth Circuit as the transferee court. *Id.* at 517-18. By contrast, the transfer order at issue here *is* effectively unreviewable on appeal from final judgment. *Volkswagen*, 545 F.3d at

318-19. It was precisely on that basis that this Court in *Bradford*, in holding that the district court's transfer order fell within the collateral-order doctrine, distinguished *Brinar*. Unlike in *Brinar*, where the case had been transferred to and was subject to review in the Ninth Circuit, in *Bradford*, the case remained in the Fifth Circuit. 660 F.3d at 229. So if the Fifth Circuit dismissed the appeal, the transfer order *would* be "effectively unreviewable." *Id.* The same is true here. The district court denied Defendants' motion to transfer, so just as in *Bradford*, there is no transferee court from which Defendants can seek review.

Even if this Court had not already held that the collateral-order doctrine applies to transfer orders generally, that doctrine would at least apply to transfer orders in circumstances like these, where a pending remand motion threatens to eviscerate any possibility of further review. The real reason why Plaintiff wants this Court to grant its motion "*immediately*," without even affording Defendants time to respond, is because Plaintiff hopes to quickly usher this case into Texas state court—even though such a remand would plainly be inappropriate, *see infra* Part III—and eliminate this Court's ability to review the district court's flawed transfer order. Plaintiff shows its cards when it asserts (at 7) that "a remand decision is not appealable." Its plan of action is clear: Convince the district court to incorrectly remand, argue that the remand decision cannot be appealed, and thereby lock Defendants into Texas state court without recourse—all before this Court has an

opportunity to scrutinize the district court's transfer decision and send the case to California where it belongs.

It is for that reason that Plaintiff's reliance (at 5-6) on *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989), is misguided. In *Lauro Lines*, the Court reasoned that an order denying a motion to dismiss on forum non conveniens grounds did not fall within the collateral-order exception because the petitioner could seek review of the order after final judgment—consequently, the "legal and practical value" of the "asserted right" would not "be destroyed if it were not vindicated before trial." 490 U.S. at 499, 501. Here, by contrast, if the district court grants Plaintiff's remand motion, then the case will likely be stuck in Texas state court, and Defendants will have no opportunity to appeal the district court's transfer order to this Court even after final judgment. Therefore, unlike in *Lauro Lines*, the "legal and practical value" of Defendants' right to proper application of the federal presumption in favor of enforcing forum-selection clauses *would* likely "be destroyed" if "not vindicated" at this juncture. *Id.* at 501; *cf. Davis*, 2023 WL 4670491, at *5. And as Plaintiff makes clear, it is not seeking to "ensure[] that litigation will continue in the District Court." *Lauro Lines*, 490 U.S. at 498. It seeks an (erroneous) remand to state court and to prevent both the remand order and transfer order from ever being reviewed in federal court. *Cf. Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) (holding that collateral-order doctrine applied to abstention-based remand order

because it "surrender[ed] jurisdiction of a federal suit to a state court").[3]

Finally, Plaintiff's insistence that this court lacks appellate jurisdiction is particularly hollow given that Plaintiff acknowledged earlier *in this very case* that appeal remains an open avenue for seeking review of a transfer order. Below, Plaintiff asked the district court to issue a 30-day stay in the event that it granted the motion to transfer, explaining that if the court did so, it would "pursue appellate review." Ex. H at 18. But now that the district court has denied the motion to transfer and Defendants, rather than Plaintiff, are the ones seeking review, Plaintiff insists that, actually, appellate review is not available. This Court should not reward Plaintiff's blatant about-face.

## II. Alternatively, This Court May Review the District Court's Transfer Order As an Exercise of Its Mandamus Jurisdiction

Even if this Court concludes that it lacks appellate jurisdiction, there is no good reason to dismiss this appeal because the Court unquestionably has jurisdiction to treat the appeal as a request for mandamus relief and to grant such relief. Plaintiff asserts (at 6) that "mandamus jurisdiction is not at issue here" because Defendants have not filed a mandamus petition. Defendants, however, will within two business

---

[3] The fact that *Lauro Lines* involved a motion to dismiss for forum non conveniens rather than a transfer order under section 1404(a) also renders it inapposite. While the Court in *Lauro Lines* stated that a motion to dismiss for forum non conveniens would not be effectively unreviewable on appeal from final judgment, this Court sitting en banc in *Volkswagen*—which was decided well after *Lauro Lines*—expressly held that "appeal from an adverse final judgment" would "*not* [be] an adequate remedy for an improper failure to transfer the case" under section 1404(a). 545 F.3d at 318-19 (emphasis added).

days of the Record on Appeal becoming available file their opening brief, which properly requests mandamus relief in the alternative. This Court has explained that appellants seeking mandamus relief in the alternative can either "appl[y] for a writ of mandamus under Fed. R. App. P. 21" *or* "request[] that [the Court] treat their appeal as a petition for a writ." *In re Delta Servs. Indus., Etc.*, 782 F.2d 1267, 1272 (5th Cir. 1986). And this Court regularly entertains such alternative requests for mandamus treatment, as it did in *Bruck*. *See, e.g.*, 30 F.4th at 423 & n.8; *United States v. Williams*, 400 F.3d 277, 280 (5th Cir. 2005); *In re Foster*, 644 F. App'x 328, 330 n.1 (5th Cir. 2016) (per curiam).[4]

It is well-established that this Court has mandamus jurisdiction to review transfer orders, and specifically orders on motions to transfer under section 1404(a). In *Volkswagen*, this Court made clear that "mandamus is an appropriate means of testing a district court's section 1404(a) ruling." 545 F.3d at 309. And this Court has repeatedly granted requests seeking mandamus relief from erroneous section 1404(a) decisions. *See, e.g.*, *In re TikTok, Inc.*, 85 F.4th 352, 356 (5th Cir.

---

[4] Any suggestion that Defendants' alternative request for mandamus relief is improper because Defendants' opening brief does not comply with the technical requirements of Federal Rule of Appellate Procedure 21 would be baseless. In *Bruck*, New Jersey argued that Plaintiff was not entitled to mandamus relief because Plaintiff failed to file a separate mandamus petition that met the requirements of Rule 21. Ex. B at 34-35 & n.5. In granting Plaintiff's request for mandamus relief, this Court stated that New Jersey's "contention that [Plaintiff] [could] not seek mandamus due to technical noncompliance with FRAP Rule 21 [was] *frivolous*." 30 F.4th at 425 n.10 (emphasis added). Just as in *Bruck*, Defendants' forthcoming opening brief is a proper request for mandamus relief, both "procedurally and substantively," because it "state[s] clearly the relief requested and grounds for seeking mandamus relief." *Id.*

2023); *In re Media Matters for Am.*, 143 F.4th 631, 640 (5th Cir. 2025).

Most notably, in *Bruck*, this Court granted Plaintiff's request to have its opening brief on appeal of the district court's section 1404(a) transfer order construed as a mandamus petition and granted mandamus relief. 30 F.4th at 423 & n.8, 436. Plaintiff halfheartedly suggests (at 6) that mandamus treatment was warranted in *Bruck* only because that case involved a combined transfer-and-sever order. But this Court in *Bruck* plainly stated that "mandamus is the prescribed vehicle for reviewing rulings on *transfers* of cases," citing this Court's en banc decision in *Volkswagen*, which concerned only transfer and not severance. 30 F.4th at 423 (emphasis added). And the other cases cited above in which this Court granted mandamus relief likewise involved transfer-only orders. *TikTok*, 85 F.4th at 356; *Media Matters*, 143 F.4th at 634-35.

In the end, by asking this Court to dismiss Defendants' appeal (with forthcoming alternative request for mandamus relief) even though it is on all fours with Plaintiff's own earlier appeal of an adverse transfer order, Plaintiff seeks to deny other litigants the benefit of a previous ruling in its favor. This Court should not countenance such a transparent request for preferential treatment.

## III. If the Motions Panel Does Not Deny Plaintiff's Motion, It Should Be Carried With the Case

For the reasons explained above, the motions panel should deny Plaintiff's motion to dismiss for lack of jurisdiction outright. But at the very least, the panel

should defer judgment to the merits panel, as it does regularly. *See, e.g.*, *United Nat. Foods, Inc. v. NLRB*, 66 F.4th 536, 540 (5th Cir. 2023); *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 212 (5th Cir. 2023). Plaintiff's insistence that this Court grant its motion "*immediately*"—without even affording Defendants an opportunity to respond—rests on its baseless accusation that Defendants are using appeal as "a procedural weapon" to delay an "imminent" remand to state court. Mot. 6-7. To the contrary, a state-court remand is in no way "imminent," and Defendants *had to* appeal to fully protect their right to this Court's review of the district court's transfer order. As explained above, Plaintiff's plea for a rushed dismissal is instead a poorly disguised attempt to obtain an inappropriate state-court remand that would thwart this Court's ability to review the district court's erroneous transfer order (confirming why collateral-order jurisdiction is appropriate). This Court should not permit such an end-run around its own jurisdiction, especially when the district court itself determined that transfer should be resolved before remand.

Plaintiff's assertion that this Court must dismiss Defendants' appeal immediately is premised on its claim that remand to state court is inevitable. That badly mischaracterizes the state of play in the district court. It is undisputed that the citizenship of the parties is diverse, and Plaintiff expressly and unambiguously admitted in its Petition that the amount in controversy exceeds $5 million. Ex. D at 17 ¶ 14. The only reason there is even a live question over remand is that Plaintiff

attempted to stipulate at a motions hearing that it would limit its monetary recovery to $74,999, after which the district court sought supplemental briefing on the impact of that stipulation and other bases for jurisdiction. *See* Mot. Ex. F at 20-29.

Since then, Defendants have submitted a supplemental brief establishing that the district court must disregard Plaintiff's post-removal stipulation because where, as here, "it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Binding law thus forecloses Plaintiff's eleventh-hour ploy to defeat diversity jurisdiction.

For that reason, Plaintiff's motion to remand should be denied. But under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), the district court lacks jurisdiction to rule on the remand motion while this appeal is pending. Mot. Ex. H. Plaintiff asserts (at 7-8) that *Griggs* does not apply because this Court lacks appellate jurisdiction. That is wrong for the reasons set out above. *See supra* Part I.

Plaintiff then (at 7-9) incorrectly suggests that the only reason Defendants filed an appeal was to divest the district court of jurisdiction to rule on the remand motion. Not so. It is true that the unique circumstances of a pending remand motion strengthen the case for collateral-order jurisdiction. As explained above, Defendants

were *compelled* to appeal or else potentially lose any opportunity to obtain this Court's review of the transfer order if the district court were to wrongly remand. But it is the district court, not Defendants, who made the judgment that transfer should be settled *before* remand. In its transfer order, the district court explicitly stated that it was "exercis[ing] its discretion to resolve the motion to transfer before the motion to remand." Mot. Ex. B at n.2. Therefore, there is every reason to fully resolve the transfer dispute first, including this Court's review of the district court's transfer order, rather than skip ahead to the motion to remand and potentially eliminate any avenue for higher-court review of the transfer order. After all, regardless of how this Court rules on transfer, Plaintiff will remain free afterward to argue for remand to state court. And if Plaintiff is correct that remand is "inevitable," then the Northern District of California can remand just as well as the Western District of Texas.

Defendants also had no choice but to appeal due to the interaction between the unsettled state of the law in this Circuit and the requirements for mandamus relief. As Plaintiff well knows, this Court in *Bruck* left open the possibility that transfer orders may be appealed under the collateral-order doctrine. 30 F.4th at 423 & n.8. And one of the fundamental prerequisites to mandamus relief is that "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004).

If this Court were to hold that its prior decisions applying the collateral-order doctrine to transfer orders are binding, or that the doctrine applies in a case like this one where there is also a pending remand motion, then Defendants would have "other adequate means" to obtain relief—namely, an appeal—and mandamus relief may very well be foreclosed.

Therefore, unless and until this Court conclusively resolves the acknowledged intra-circuit split on the proper vehicle(s) for seeking review of a transfer order generally and in circumstances like these, litigants seeking to fully protect their rights will have no choice but to do precisely what Defendants have done here: file an appeal while seeking mandamus relief in the alternative—which Plaintiff previously described as "a perfectly orthodox way of advancing the Court's interest in judicial efficiency and simplified submissions." Ex. C at 17.

Plaintiff concludes its motion (at 10) by asserting that in order for Defendants to secure this Court's review, they must "do things the right way" by "fil[ing] a mandamus petition" and "mak[ing] a serious showing that they are likely to obtain that extraordinary relief," and claiming that Defendants "have done none of that." Quite the opposite. Defendants have prepared—and stand ready to file as soon as the Record on Appeal is available—a brief that functions as either an opening brief on appeal or a mandamus petition and that demonstrates that Defendants are entitled to relief whether under ordinary appellate or mandamus standards.

# CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion to dismiss for lack of jurisdiction. Alternatively, the motions panel should defer judgment on Plaintiff's motion to the merits panel.[5]

---

[5] If the Court grants Plaintiff's motion, Defendants respectfully request a brief administrative stay from this Court pending the filing and disposition of a motion to stay in the district court. Defendants would also promptly file a mandamus petition in this Court.

Dated:   December 22, 2025

Respectfully submitted,

*/s/ Jonathan Patchen*
Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

*Counsel for Defendants-Appellants*
*YouTube LLC, Google LLC, and*
*Alphabet, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Jonathan Patchen*
Jonathan Patchen

## CERTIFICATE OF COMPLIANCE

I certify that:

1.      This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it consists of 5,184 words, excluding parts exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32.2.

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced, serif typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Jonathan Patchen*
Jonathan Patchen