No. 25-51004
_____

In the United States Court of Appeals for the Fifth Circuit
_____

Defense Distributed,

          Plaintiff—Appellee.

v.

YouTube LLC, Google LLC, and Alphabet, Inc.,

          Defendants-Appellants,
_____

Appeal from the United States District Court for the
Western District of Texas; No. 1:25-cv-01095-ADA-ML
_____

**Defense Distributed's Reply in Support of
Defense Distributed's Motion to Dismiss the Appeal for Lack of Jurisdiction**

_____

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

# Table of Contents

Table of Contents ................................................................................................. ii

Argument ............................................................................................................. 1

I.      The Court lacks appellate jurisdiction. ....................................................... 2

         A.     *Bruck* (5th Cir. 2022) dispels appellate jurisdiction here. ..................... 3

         B.     Prior Fifth Circuit decisions dispel appellate jurisdiction here. ........... 4

         C.     Later Fifth Circuit precedent dispels jurisdiction here. ....................... 5

II.     The Court lacks mandamus jurisdiction. ..................................................... 6

III.    Jurisdiction by estoppel isn't a thing, especially here. .................................. 7

         A.     Jurisdiction never arises by estoppel. ................................................... 8

         B.     The *Bruck* argument is consistent with dismissing this appeal. ............ 8

         C.     The *Bruck* result is consistent with dismissing this appeal. ................. 8

IV.    Dismissal should occur *immediately* to stop lower court interference. ............. 9

Conclusion ......................................................................................................... 10

Certificate of Compliance .................................................................................. 11

## Argument

The only kind of jurisdiction that has been actually invoked is appellate jurisdiction under the collateral-order doctrine. But the Fifth Circuit's governing rule holds that plain Section 1404(a) transfer orders are not appealable. That rule was synthesized in *In re Rolls-Royce Corp.*, 775 F.3d 671 (5th Cir. 2014), enforced in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), and reaffirmed in *Hinkle v. Phillips 66 Co.*, 35 F.4th 417 (5th Cir. 2022). Mandamus—not appeal—is the only path.

Yet Appellants have not actually invoked the Court's mandamus jurisdiction. They filed no petition for a writ of mandamus, no mandamus appendix, and no brief satisfying Rule 21. The point isn't that they *can't do so*. It's that they *haven't done so*. Saying that they "stand ready" to seek mandamus relief later does not presently invoke this Court's original jurisdiction. This Court's authority extends only to properly invoked appeals and original proceedings, not to hypothetical alternatives.

Hence the last-ditch effort at jurisdiction by estoppel. But this Court's jurisdiction can never be created by estoppel, waiver, or any other party conduct. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). And in any event, there can be no estoppel here because (1) the prior and current positions were not inconsistent, and more importantly (2) Defense Distributed's prior position *did not work*, as *Bruck* exercised only mandamus jurisdiction and not the appellate power now claimed.

1

For these reasons, the Court should grant the motion to dismiss this appeal for lack of appellate jurisdiction. Doing so is quite fair to the Appellants, who remain perfectly free to pursue the mandamus they say they're imminently prepared to pursue. Critically, though, *immediately* dismissing this appeal has this additional necessary impact: Whereas carrying this motion would risk perpetuating the cloud of an erroneous *Griggs* stay that has no jurisdictional basis, immediately granting this motion to dismiss removes the cloud of an erroneously-claimed *Griggs* stay that hangs over the district court below. Immediately dismissal corrects that error while preserving Appellants' ability to seek mandamus if they choose.

## I. The Court lacks appellate jurisdiction.

Appellants invoke only this Court's appellate jurisdiction under the collateral-order doctrine. But that path—though arguably open in some recent years—is now decisively closed and no longer open to debate. In this Circuit, plain Section 1404(a) transfer orders are *not* appealable under the collateral-order doctrine. Any uncertainty that once existed about that issue was resolved by this Court in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), which necessarily refused appellate jurisdiction because it utilized mandamus—even after Defense Distributed had indeed expressly urged the other view. With the bridge having been crossed, everyone is now bound to acknowledge that such orders are not appealable.

### A. *Bruck* (5th Cir. 2022) dispels appellate jurisdiction here.

*Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), did not evade the question of appellate jurisdiction. It answered it. By proceeding solely through mandamus, the Court necessarily rejected collateral-order jurisdiction. The panel expressly "pretermit[ted]" reliance on the collateral-order doctrine because, in this Circuit, "mandamus is the prescribed vehicle for reviewing rulings on transfers of cases pursuant to 28 U.S.C. § 1404(a)." *Id.* at 423. That statement was not dicta. It was the jurisdictional foundation for the Court's authority to act. *Id.* at 423–25.

Appellants' response does not meaningfully dispute this sequence or explain how mandamus could have issued if appellate jurisdiction were available. Instead, it characterizes *Bruck* as having "sidestepped" appellate jurisdiction. But *Bruck* did the opposite: it rejected appellate jurisdiction as unavailable and proceeded only through mandamus.

*Bruck's* stay decision confirms this point. If Appellants' version of appellate jurisdiction existed in *Bruck*, a *Griggs* stay would have attached automatically and stopped the district court there from sending the case away. But because the *Bruck* panel decided that no proper appeal existed there, no automatic *Griggs* stay existed. So when the *Bruck* panel wanted further district court proceedings stayed, the *Bruck*

3

panel could only do so by issuing a freestanding stay—the kind that accompanies only mandamus and not any case in which appellate jurisdiction truly lies.

### B. Prior Fifth Circuit decisions dispel appellate jurisdiction here.

The key Fifth Circuit decision preceding *Bruck* is *In re Rolls-Royce Corp.*, 775 F.3d 671 (5th Cir. 2014), which addressed and resolved the appellate-jurisdiction question after surveying the earlier cases. Yet Appellants still suggest that earlier decisions somehow control. *See* Doc. 42-1 at 20. That framing fails for two reasons.

First, Defense Distributed's reading of the pre- *Rolls-Royce* cases is correct. From *Brinar v. Williamson*, 245 F.3d 515, 517–18 (5th Cir. 2001), forward, this Court has treated plain Section 1404(a) transfer orders as paradigmatic non-final decisions because they remain reviewable after final judgment. *In re Bradford*, 660 F.3d 226 (5th Cir. 2011), did not retreat from that rule; it expressly confined its jurisdictional holding to an anomalous habeas-transfer posture in which dismissal would have rendered the transfer order effectively unreviewable. *Id.* at 228–29. And nothing in those cases suggested that a routine, whole-case transfer between district courts triggers collateral-order jurisdiction (as opposed to *sui generis* orders that materially restructure the litigation, such as the sever-and-transfer order addressed via mandamus in *Bruck*).

Second—and more importantly—any arguable ambiguity in the earlier cases has been resolved. *Rolls-Royce* synthesized the prior precedent and announced the controlling rule: "While the Supreme Court has crafted a narrow exception to the final order doctrine, termed the 'collateral order doctrine' or '*Cohen* exception,' we have previously held that transfer orders do not fall within the scope of this doctrine." 775 F.3d at 676 (citing *Brinar*, 245 F.3d at 517). *Bruck* then applied that rule, refusing appellate jurisdiction and proceeding only by mandamus because "mandamus is the prescribed vehicle for reviewing rulings on transfers of cases pursuant to 28 U.S.C. § 1404(a)." *Bruck*, 30 F.4th at 423. Together, *Rolls-Royce* and *Bruck* foreclose appellate jurisdiction here, regardless of how one parses the earlier cases.

C.  **Later Fifth Circuit precedent dispels jurisdiction here.**

Later Fifth Circuit decisions confirm—rather than disturb—the rule articulated in *Rolls-Royce* and applied in *Bruck*. Most directly, *Hinkle v. Phillips 66 Co.*, 35 F.4th 417 (5th Cir. 2022), squarely dismissed an interlocutory appeal from the denial of a motion to transfer venue for lack of appellate jurisdiction. *Id.* at 420–21. *Hinkle* did not treat the transfer order as even arguably appealable under the collateral-order doctrine. Instead, it cited *Rolls-Royce* and *Volkswagen* for the settled proposition that venue-transfer orders are unappealable and reviewable, if at all, only by mandamus. *Id.* at 421.

## II. The Court lacks mandamus jurisdiction.

Appellants have not invoked this Court's mandamus jurisdiction. They filed no petition for a writ of mandamus. They submitted no mandamus appendix. They did not comply with Rule 21. Instead, they say only that they "stand ready" to seek mandamus relief later. Doc. 42-1 at 9. That is not an invocation of jurisdiction.

The distinction is dispositive. Congress vested this Court with jurisdiction over actual appeals and properly commenced original proceedings—not over hypothetical alternatives that a party may pursue in the future. A statement of readiness does not create jurisdiction.

Waiting for an appellate record provides no excuse. Mandamus review proceeds on a mandamus record, not an appellate one. *See* Fed. R. App. P. 21. Appellants chose not to assemble such a record here. They cannot obtain mandamus relief without shouldering mandamus obligations.

*Bruck* illustrates the point. There, Defense Distributed affirmatively invoked mandamus jurisdiction on a complete record and fully briefed the demanding mandamus standard. That filing satisfied Rule 21 and properly triggered this Court's original jurisdiction. This case is the opposite. Appellants seek the benefits of mandamus while avoiding its procedural and substantive burdens. The Court lacks mandamus jurisdiction because Appellants never actually invoked it.

To be clear, the point is not that Appellants are barred from seeking mandamus relief. They remain free to do so at any time, subject to the rules that govern such petitions. The point is that they have not done so here. Having declined to invoke mandamus jurisdiction in fact, Appellants cannot claim the procedural or jurisdictional advantages that would follow from a properly filed mandamus petition. Jurisdiction turns on what parties do, not on what they say they might do later.

The demanding nature of mandamus review is not a technicality; it is the safeguard that prevents routine transfer disputes from overwhelming appellate dockets. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). Mandamus also carries none of appeal's automatic incidents: a party seeking mandamus does not obtain an automatic *Griggs* stay merely by filing papers, but must affirmatively request—and justify—any stay as discretionary relief. Appellants' effort to recharacterize a transfer order as appealable seeks to evade those safeguards and lower the threshold that Congress and this Court have deliberately imposed.

III. **Jurisdiction by estoppel isn't a thing, especially here.**

Google's fallback theory is jurisdiction by estoppel. They argue that Defense Distributed previously took a different position on appellate jurisdiction and should now be bound by it. Doc. 42-1 at 9. That argument fails at every level.

### A. Jurisdiction never arises by estoppel.

Subject-matter jurisdiction is structural. It cannot be created by consent, waiver, forfeiture, or estoppel. Even perfect estoppel would not supply jurisdiction Congress has withheld. This Court has an independent duty to police its jurisdiction, regardless of party conduct. That principle alone ends the argument.

### B. The *Bruck* argument is consistent with dismissing this appeal.

Even setting doctrine aside, estoppel still fails. Defense Distributed has never claimed appellate jurisdiction over a *plain* § 1404(a) transfer order like the one here. The order in *Bruck* was materially different. It severed claims and transferred only part of the case, reshaping the litigation itself. *See Defense Distributed v. Bruck*, 30 F.4th 414, 419–20 (5th Cir. 2022). That *sui generis* posture drove the mandamus analysis and the finding of irreparable harm. *Id.* at 424–25.

This case bears no resemblance. The district court ordered a routine, whole-case transfer between federal courts. Such orders are paradigmatic non-final decisions—reviewable, if at all, only by mandamus. Whatever complexity existed in *Bruck* only reinforces why a simple transfer like this one is not appealable.

### C. The *Bruck* result is consistent with dismissing this appeal.

Most importantly, Defense Distributed did not prevail on appellate jurisdiction in *Bruck*. It lost that argument. The Court rejected collateral-order

review and proceeded solely by mandamus. Estoppel requires a successful prior position. Appellants identify none.

Defense Distributed's current position tracks *Bruck*'s holding exactly: Section 1404(a) transfer orders are not appealable. Prior references to "appellate" review used the term in its ordinary, non-technical sense to include mandamus—just as courts routinely do. Nothing in those filings asserted appealability under § 1291.

Most importantly, *Bruck*'s result forecloses Appellants' argument. Defense Distributed did not obtain appellate review in that case. It obtained mandamus relief. That outcome confirms the rule Appellants now resist.

IV. **Dismissal should occur *immediately* to stop lower court interference.**

Ordinarily, the distinction between appeal and mandamus has little practical consequence while jurisdictional issues are pending. This case is different. Appellants assert a *Griggs* stay—a stay that exists only if a valid appeal is pending—to freeze proceedings in the district court below.

That assertion is legally wrong. No appellate jurisdiction exists. And yet the claimed stay has real, immediate effects. It halts proceedings, distorts the district court's authority, and interferes with orderly case management—all without jurisdictional footing.

Carrying this motion with the merits would prolong that interference. It would allow an improperly claimed Griggs stay to persist even though this Court lacks appellate jurisdiction to support it. That result serves no party and no court.

Dismissal fixes the problem cleanly and immediately. It removes the jurisdictional cloud, restores the district court's authority, and preserves the proper procedural order. Appellants lose nothing by dismissal. They remain free to seek mandamus in the ordinary course, exactly as Fifth Circuit precedent contemplates.

This is the rare case where prompt jurisdictional resolution matters. The Court should dismiss the appeal now and end the improper assertion of appellate control.

**Conclusion**

As soon as is practicable, the Court should grant the motion and issue an order dismissing the appeal for lack of appellate jurisdiction.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains 2,051 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.104.

/s/ Chad Flores
Chad Flores