No. 25-51004

# United States Court of Appeals for the Fifth Circuit

DEFENSE DISTRIBUTED,

*Plaintiff-Appellee*

*v.*

YOUTUBE, L.L.C.; GOOGLE, L.L.C.; ALPHABET, INCORPORATED,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Western District of Texas (No. 1:25-cv-01095-ADA)

## RECORD EXCERPTS OF DEFENDANTS-APPELLANTS

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

*Counsel for Defendants-Appellants*
*YouTube LLC, Google LLC, and Alphabet, Inc.*

# TABLE OF CONTENTS

| Tab | Description of Document | ROA |
|-----|------------------------|-----|
| 1 | District Court Civil Docket Sheet, No. 1:25-cv-01095-ADA | 1-11 |
| 2 | Defendants' Notice of Appeal (12/01/2025); Dkt. No. 50 | 654-56 |
| 3 | District Court Order on Defendants' Motion to Transfer (11/13/2025); Dkt. No. 48 | 546-53 |



**TAB 1**

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CIVIL DOCKET FOR CASE #: 1:25-cv-01095-ADA

Defense Distributed v. YouTube LLC et al
Assigned to: Judge Alan D Albright
Demand: $5,000,000
Case in other court:  Third Business Court Division of the State of
TX, 25- BC03B-0009

USCA Fifth Circuit, 25-51004

Cause: 28:1441 Petition for Removal - Constitutional Rights

Date Filed: 07/14/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Diversity

**Plaintiff**

**Defense Distributed**                    represented by  **Charles R. Flores**
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, TX 77002
713-364-6440
Email: cf@chadflores.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colleen Elizabeth McKnight**
McKnight Law
801 Travis Street, Suite 2101, Pmb 698
Houston, TX 77002
713-487-5465
Email: colleen.mcknight@mcknightlaw.us
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**YouTube LLC**                    represented by  **Anika Holland**
Cooley, LLP
3 Embarcadero Ctr. 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Alan Patchen**
Cooley, LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415-693-2000

Fax: 415-693-2222
Email: jpatchen@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madeleine Ahlers**
Cooley, LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415-693-2551
Email: mahlers@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Rome**
Cooley, LLP
3355 S Grand Ave, Ste 900
Los Angeles, CA 90071
213-461-3250
Fax: 213-561-3244
Email: mrome@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon Song**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: song@cooley.com
*TERMINATED: 11/11/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Wingard**
Scott, Douglass & McConnico, L.L.P.
303 Colorado Street
Suite 2400
Austin, TX 78701
(512)495-6300
Fax: 512/474-0731
Email: swingard@scottdoug.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elijah Barton Barrish**
Scott, Douglass & McConnico, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
512-495-6300
Email: ebarrish@scottdoug.com
*ATTORNEY TO BE NOTICED*

**25-51004.2**

**Robyn Lynn Bigelow Hargrove**
Scott Douglass & McConnico LLP
303 Colorado Street
Suite 2400
Austin, TX 78701-2589
(512)495-6300
Fax: 512/495-6399
Email: rhargrove@scottdoug.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Google LLC**                          represented by **Anika Holland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Alan Patchen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madeleine Ahlers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Rome**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon Song**
(See above for address)
*TERMINATED: 11/11/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Wingard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elijah Barton Barrish**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robyn Lynn Bigelow Hargrove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alphabet, Inc.**          represented by    **Anika Holland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Alan Patchen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madeleine Ahlers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Rome**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon Song**
(See above for address)
*TERMINATED: 11/11/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Wingard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elijah Barton Barrish**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robyn Lynn Bigelow Hargrove**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2025 | 1 (p.12) | NOTICE OF REMOVAL by Alphabet, Inc., Google LLC, YouTube LLC *Defendants' Notice of Removal to Federal Court* (Filing fee $405 receipt number ATXWDC-20451227), filed by Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Affidavit Decl. of M. Rome ISO of Removal, # 2 (p.88) Exhibit Ex A, # 3 (p.91) Exhibit Ex B, # 4 (p.175) Exhibit Ex C, # 5 (p.179) Civil Cover Sheet Civil Cover Sheet, # 6 (p.180) Supplement Supp. to JS-44 Civil Cover Sheet)(Wingard, Steven) (Entered: 07/14/2025) |
| 07/14/2025 | 2 (p.88) | RULE 7 DISCLOSURE STATEMENT filed by Alphabet, Inc., Google LLC, YouTube LLC. (Wingard, Steven) |

**25-51004.4**

| | | |
|---|---|---|
| | | (Entered: 07/14/2025) |
| 07/14/2025 | 3 (p.91) | NOTICE of Filing Defendant's Certificate of Filing of Notice of Removal in State Court by Google LLC (Attachments: # 1 (p.12) Exhibit Exhibit 1)(Wingard, Steven) (Entered: 07/14/2025) |
| 07/14/2025 | 4 (p.175) | Unopposed MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by Google LLC. (Wingard, Steven) (Entered: 07/14/2025) |
| 07/14/2025 | | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lme) (Entered: 07/16/2025) |
| 07/14/2025 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Lane. (lme) (Entered: 07/16/2025) |
| 07/14/2025 | 8 (p.182) | STANDING ORDER (dated 02/27/2025) REFERRING CASE to Magistrate Judge Mark Lane. Signed by Judge Alan D Albright. Referral Magistrate Judge: Mark Lane. (lme) (Entered: 07/17/2025) |
| 07/16/2025 | 10 (p.191) | MOTION to Appear Pro Hac Vice by Chad Flores (Fee Due) on behalf of Defense Distributed.. Motions referred to Judge Mark Lane. (dm) (Entered: 07/21/2025) |
| 07/17/2025 | 5 (p.179) | Order Directing Chad Flores to File a Motion to Appear Pro Hac Vice within 14 days. Signed by Judge Alan D Albright. (lme) (Entered: 07/17/2025) |
| 07/17/2025 | 6 (p.180) | Order Directing Colleen McKnight to File a Motion to Appear Pro Hac Vice within 14 days. Signed by Judge Alan D Albright. (lme) (Entered: 07/17/2025) |
| 07/17/2025 | 7 (p.181) | ORDER that the removing party, if it has not already done so, shall within ten (10) days from the date of this order supplement the record with state court pleadings. Signed by Judge Alan D Albright. (lme) (Entered: 07/17/2025) |
| 07/17/2025 | | Text Order GRANTING 4 (p.175) Motion for Extension of Time to Answer entered by Judge Alan D Albright. The Court grants this unopposed motion and extends the deadline to move, answer, or otherwise respond to the Petition up to and including August 20, 2025. (This is a text-only entry generated by the court. There is no document associated with this entry.) (rhlc) (Entered: 07/17/2025) |
| 07/17/2025 | | Reset Deadlines: Alphabet, Inc. answer due 8/20/2025; Google LLC answer due 8/20/2025; YouTube LLC answer due 8/20/2025. (dm) (Entered: 07/18/2025) |

| | | |
|---|---|---|
| 07/18/2025 | 9 (p.184) | DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f). Joint Proposed Scheduling and Discovery Plan due by 9/12/2025. Signed by Judge Mark Lane. (dm) (Entered: 07/18/2025) |
| 07/22/2025 | 11 (p.197) | ORDER GRANTING 10 (p.191) Motion to Appear Pro Hac Vice as to Chad Flores. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/22/2025) |
| 07/24/2025 | 12 (p.198) | NOTICE of Attorney Appearance by Charles R. Flores on behalf of Defense Distributed (Flores, Charles) (Entered: 07/24/2025) |
| 07/25/2025 | 13 (p.199) | MOTION to Appear Pro Hac Vice by Steven J. Wingard *for Madeleine Ahlers* ( Filing fee $ 100 receipt number ATXWDC-20507802) by on behalf of Alphabet, Inc., Google LLC, YouTube LLC.. Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 07/25/2025) |
| 07/25/2025 | 14 (p.204) | MOTION to Appear Pro Hac Vice by Steven J. Wingard *for Jonathan Alan Patchen* ( Filing fee $ 100 receipt number ATXWDC-20507948) by on behalf of Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Proposed Order). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 07/25/2025) |
| 07/25/2025 | 15 (p.210) | MOTION to Appear Pro Hac Vice by Steven J. Wingard *for Michael Rome* ( Filing fee $ 100 receipt number ATXWDC-20507970) by on behalf of Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Proposed Order). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 07/25/2025) |
| 07/25/2025 | 16 (p.216) | MOTION to Appear Pro Hac Vice by Steven J. Wingard *for Sharon Song* ( Filing fee $ 100 receipt number ATXWDC-20508014) by on behalf of Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Proposed Order). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 07/25/2025) |
| 07/28/2025 | 17 (p.221) | ORDER GRANTING 13 (p.199) Motion to Appear Pro Hac Vice as to Madeleine Ahlers. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/28/2025) |
| 07/28/2025 | 18 (p.222) | |

25-51004.6

| | | |
|---|---|---|
| | | ORDER GRANTING 14 (p.204) Motion to Appear Pro Hac Vice as to Jonathan Alan Patchen. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/28/2025) |
| 07/28/2025 | 19 (p.223) | ORDER GRANTING 15 (p.210) Motion to Appear Pro Hac Vice as to Michael Rome. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/28/2025) |
| 07/28/2025 | 20 (p.224) | ORDER GRANTING 16 (p.216) Motion to Appear Pro Hac Vice as to Sharon Song. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/28/2025) |
| 07/29/2025 | 21 (p.225) | MOTION to Appear Pro Hac Vice by Charles R. Flores *for Colleen McKnight* ( Filing fee $ 100 receipt number ATXWDC-20520450) by on behalf of Defense Distributed. (Attachments: # 1 (p.12) Proposed Order). Motions referred to Judge Mark Lane. (Flores, Charles) (Entered: 07/29/2025) |
| 07/30/2025 | 22 (p.230) | ORDER GRANTING 21 (p.225) Motion to Appear Pro Hac Vice as to Colleen McKnight. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 07/30/2025) |
| 07/30/2025 | 23 (p.231) | Pro Hac Vice Fee Paid by Charles R. Flores; Filing fee $ 100, receipt number 2622. (dm) (Entered: 08/01/2025) |
| 08/07/2025 | 25 (p.232) | MOTION to Remand to State Court by Defense Distributed. (Flores, Charles) (Entered: 08/07/2025) |
| 08/08/2025 | | DEFICIENCY NOTICE to Charles Flores: re 25 (p.232) MOTION to Remand to State Court . **Your document is deficient as it lacks a Certificate of Service. Please file a Certificate of Service as a SEPARATE PLEADING. Use the "Certificate of Service" event under the "Service of Process" menu. State parties served by CM/ECF and the alternate means of service for parties NOT registered for** |

| | | |
|---|---|---|
| | | **CM/ECF (as indicated by a lack of email address on the docket sheet).** (klw) (Entered: 08/08/2025) |
| 08/08/2025 | 26 (p.247) | MOTION to Transfer Case *to the Northern District of California* by Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Affidavit of Nicole Korn, # 2 (p.88) Affidavit of Victoria McGinnis). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 08/08/2025) |
| 08/10/2025 | 27 (p.307) | CERTIFICATE OF SERVICE by Defense Distributed *of Document* 25 (p.232) MOTION to Remand to State Court (Flores, Charles) (Entered: 08/10/2025) |
| 08/12/2025 | 29 (p.308) | Joint MOTION to Extend Scheduling Order Deadlines *Joint Motion to Extend Deadlines*. (Attachments: # 1 (p.12) Proposed Order Proposed Order). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 08/12/2025) |
| 08/18/2025 | | Text Order GRANTING 29 (p.308) Motion to Extend Scheduling Order Deadlines. The parties' proposed order will be entered separately, entered by Judge Mark Lane. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ah) (Entered: 08/18/2025) |
| 08/18/2025 | 30 (p.314) | ORDER Granting Joint Motion to Extend Deadlines. Signed by Judge Mark Lane. (dm) (Entered: 08/18/2025) |
| 08/19/2025 | 31 (p.316) | CORRECTED MOTION to Amend/Correct *Corrected Joint Motion to Extend Deadlines*. (Attachments: # 1 (p.12) Proposed Order Proposed Order). Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 08/19/2025) |
| 08/20/2025 | 32 (p.323) | ORDER GRANTING CORRECTED JOINT MOTION TO EXTEND DEADLINES. Signed by Judge Mark Lane. (dm) (Entered: 08/20/2025) |
| 09/05/2025 | 33 (p.325) | MOTION to Appear Pro Hac Vice by Steven J. Wingard ( Filing fee $ 100 receipt number ATXWDC-20681916) by Anika Holland on behalf of Alphabet, Inc... Motions referred to Judge Mark Lane. (Wingard, Steven) (Entered: 09/05/2025) |
| 09/05/2025 | 34 (p.330) | Response in Opposition to Motion, filed by Alphabet, Inc., Google LLC, YouTube LLC, re 25 (p.232) MOTION to Remand to State Court filed by Plaintiff Defense Distributed (Attachments: # 1 (p.12) Exhibit Exhibit A - Texas Business Court-25-BC03B-0009)(Wingard, Steven) (Entered: 09/05/2025) |
| 09/05/2025 | 35 (p.396) | Response in Opposition to Motion, filed by Defense Distributed, re 26 (p.247) MOTION to Transfer Case *to the Northern District of California* filed by Defendant Google LLC, Defendant YouTube LLC, Defendant Alphabet, Inc. (Attachments: # 1 (p.12) Exhibit A - Caseload Statistics)(Flores, Charles) (Entered: 09/05/2025) |
| 09/08/2025 | 36 (p.510) | |

| | | |
|---|---|---|
| | | ORDER, ( Video Status Conference set for 9/17/2025 at 02:00 PM before Judge Mark Lane,). Signed by Judge Mark Lane. (dm) (Entered: 09/08/2025) |
| 09/09/2025 | 37 (p.511) | ORDER GRANTING 33 (p.325) Motion to Appear Pro Hac Vice as to Anika Holland. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge Alan D Albright. (dm) (Entered: 09/09/2025) |
| 09/10/2025 | 38 (p.512) | NOTICE of Filing Joint Statement Regarding Venue Discovery by Alphabet, Inc., Google LLC, YouTube LLC (Wingard, Steven) (Entered: 09/10/2025) |
| 09/11/2025 | 39 (p.515) | ORDER Cancelling Video Status Hearing. Signed by Judge Mark Lane. (dm) (Entered: 09/11/2025) |
| 09/19/2025 | 40 (p.516) | RESPONSE in Support, filed by Alphabet, Inc., Google LLC, YouTube LLC, re 26 (p.247) MOTION to Transfer Case *to the Northern District of California* filed by Defendant Google LLC, Defendant YouTube LLC, Defendant Alphabet, Inc. (Wingard, Steven) (Entered: 09/19/2025) |
| 09/19/2025 | 41 (p.529) | REPLY to Response to Motion, filed by Defense Distributed, re 25 (p.232) MOTION to Remand to State Court filed by Plaintiff Defense Distributed (Flores, Charles) (Entered: 09/19/2025) |
| 10/20/2025 | 42 (p.540) | ORDER, Referral of Case to Magistrate Judge Mark Lane is Vacated. Signed by Judge Alan D Albright. (dm) (Entered: 10/21/2025) |
| 10/20/2025 | 43 (p.541) | ORDER re 26 (p.247) MOTION to Transfer Case *to the Northern District of California* filed by Google LLC, YouTube LLC, Alphabet, Inc., 25 (p.232) MOTION to Remand to State Court filed by Defense Distributed ( Motion Hearing set for 10/30/2025 at 02:00 PM before Judge Alan D Albright,). Signed by Judge Alan D Albright. (dm) (Entered: 10/21/2025) |
| 10/28/2025 | 44 (p.542) | ORDER re 26 (p.247) MOTION to Transfer Case *to the Northern District of California* filed by Google LLC, YouTube LLC, Alphabet, Inc., 25 (p.232) MOTION to Remand to State Court filed by Defense Distributed, ( Motion Hearing reset for 11/6/2025 at 10:15 AM before Judge Alan D Albright,). Signed by Judge Alan D Albright. (dm) (Entered: 10/28/2025) |
| 11/06/2025 | 45 (p.936) | Transcript filed of Proceedings held on 11-6-25, Proceedings Transcribed: Motions Hearing. Court Reporter/Transcriber: Kristie Davis, Telephone number: 2546660904. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may |

| | | | |
|---|---|---|---|
| | | | be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 11/28/2025, Redacted Transcript Deadline set for 12/8/2025, Release of Transcript Restriction set for 2/4/2026, (kd) (Entered: 11/06/2025) |
| 11/06/2025 | | 46 | Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 11/6/2025 re 26 (p.247) MOTION to Transfer Case *to the Northern District of California* filed by Google LLC, YouTube LLC, Alphabet, Inc., 25 (p.232) MOTION to Remand to State Court filed by Defense Distributed (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(dm) (Entered: 11/07/2025) |
| 11/11/2025 | 47 (p.543) | | Unopposed MOTION to Withdraw as Attorney *Sharon Song* by Alphabet, Inc., Google LLC, YouTube LLC. (Barrish, Elijah) (Entered: 11/11/2025) |
| 11/11/2025 | | | Text Order GRANTING 47 (p.543) Defendants' Unopposed Motion to Withdraw Attorney entered by Judge Alan D Albright. IT IS ORDERED that Sharon Song is withdrawn as counsel for Defendants YouTube LLC, Google LLC, and Alphabet, Inc. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jglc) (Entered: 11/11/2025) |
| 11/13/2025 | 48 (p.546) | | ORDER DENYING 26 (p.247) Motion to Transfer Case. Signed by Judge Alan D Albright. (dm) (Entered: 11/13/2025) |
| 11/20/2025 | 49 (p.554) | | Response in Opposition to Motion, filed by Alphabet, Inc., Google LLC, YouTube LLC, re 25 (p.232) MOTION to Remand to State Court filed by Plaintiff Defense Distributed *Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Remand* (Attachments: # 1 (p.12) Exhibit Declaration of Michael A. Rome, # 2 (p.88) Exhibit EXHIBIT A, # 3 (p.91) Exhibit EXHIBIT B)(Hargrove, Robyn Lynn) (Entered: 11/20/2025) |
| 12/01/2025 | 50 (p.654) | | Appeal of Order entered by District Judge 48 (p.546) by Alphabet, Inc., Google LLC, YouTube LLC.*Defendants' Notice of Appeal* ( Filing fee $ 605 receipt number ATXWDC-21037310) (Hargrove, Robyn Lynn) (Entered: 12/01/2025) |
| 12/01/2025 | | | NOTICE OF INTERLOCUTORY APPEAL as to 48 (p.546) Order on Motion to Transfer Case by Alphabet, Inc., Google LLC, YouTube LLC. Filing fee $ 605, receipt number ATXWDC-21037310. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out |

| | | |
|---|---|---|
| | | (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (dm) (Entered: 12/03/2025) |
| 12/03/2025 | 51 (p.657) | NOTICE *DEFENDANTS' NOTICE OF NOTICE OF APPEAL* by Alphabet, Inc., Google LLC, YouTube LLC (Hargrove, Robyn Lynn) (Entered: 12/03/2025) |
| 12/08/2025 | 52 (p.660) | TRANSCRIPT REQUEST by Alphabet, Inc., Google LLC, YouTube LLC for dates of 11/6/2025. Proceedings Transcribed: 11/6/2025. Court Reporter: Kristie M. Davis.. (Barrish, Elijah) (Entered: 12/08/2025) |
| 12/15/2025 | 53 (p.662) | RESPONSE in Support, filed by Defense Distributed, re 25 (p.232) MOTION to Remand to State Court filed by Plaintiff Defense Distributed (Flores, Charles) (Entered: 12/15/2025) |
| 12/23/2025 | 54 (p.685) | MOTION for Leave to File MFL to File Supp Mot in Opp to Pl's Mot to Remand by Alphabet, Inc., Google LLC, YouTube LLC. (Attachments: # 1 (p.12) Exhibit Exhibit A - Supp. Brief ISO Defs' Supp Mot in Opp to Pl's Mot to Remand, # 2 (p.88) Exhibit Exhibit 1 - Plaintiff's MTD Appeal for Lack of Jurisdiction, # 3 (p.91) Exhibit Exhibit 2 - Defendants' Opposition to Plaintiff's MTD Appeal for Lack of Jurisdiction, # 4 (p.175) Exhibit Exhibit 3 - Bruck Brief of Appellants, # 5 (p.179) Exhibit Exhibit 4 - Bruck Brief of Appellee, # 6 (p.180) Exhibit Exhibit 5 - Bruck Reply Brief of Appellants, # 7 (p.181) Exhibit Exhibit 6 - Bruck Administrative Stay Order, # 8 (p.182) Proposed Order Prop Order Defs Leave to File Supp Mot in Opp to Pl's Mot)(Barrish, Elijah) (Entered: 12/23/2025) |
| 12/24/2025 | 55 (p.930) | Response in Opposition to Motion, filed by Defense Distributed, re 54 (p.685) MOTION for Leave to File MFL to File Supp Mot in Opp to Pl's Mot to Remand filed by Defendant Google LLC, Defendant YouTube LLC, Defendant Alphabet, Inc. (Flores, Charles) (Entered: 12/24/2025) |



**TAB 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>       *Plaintiff*,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.,<br><br>       *Defendants*. | Case No. 1:25-cv-01095-ADA |

DEFENDANTS' NOTICE OF APPEAL

Defendants YouTube LLC, Google LLC, and Alphabet Inc. (collectively, "Defendants") gives notice of their appeal of the Order Denying Defendants' Motion to Transfer (Dkt. 48) entered in the above-styled and numbered case on November 13, 2025. The appeal will be to the United States Court of Appeals for the Fifth Circuit.

4907-5025-1389

Dated: December 1, 2025

Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**

_____
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com

**COOLEY LLP**

_/s/ Jonathan Patchen_
Jonathan Patchen (admitted _pro hac vice_)
Michael A. Rome (admitted _pro hac vice_)
Anika Holland (_pro hac vice_ pending)
Madeleine R. Ahlers (admitted _pro hac vice_)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

_Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc._

2

4907-5025-1389

25-51004.655

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon counsel via the CM/ECF electronic noticing system, email, certified mail, return receipt requested, or US mail, on this the 1st day of December, 2025.

_____

Robyn Hargrove

4907-5025-1389

25-51004.656



**TAB 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Defense Distributed, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:25-cv-01095-ADA |
| | § | |
| YouTube LLC, Google LLC, and | § | |
| Alphabet, Inc., | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is Defendants' Motion to Transfer to the Northern District of California. Dkt. 26. After carefully considering the parties' arguments and the relevant law, the Court finds that Defendants' motion should be denied.

## I.    Background

Plaintiff Defense Distributed is a Texas company that specializes in "small scale, digital, personal gunsmithing technology." Dkt. 1-2, at ¶ 22. As part of its business, Defense Distributed regularly publishes videos on YouTube and utilizes the Google Ads platform. *Id.* Defense Distributed claims that its YouTube publications and Google Ads campaigns "espouse viewpoints that favor continuation of the American constitutional right to keep and bear arms in theory and practice." *Id.* at ¶ 23.

In June of this year, Defense Distributed filed this suit against YouTube LLC, Google LLC, and Alphabet, Inc., in the Third Division of the Texas Business Court. *Id.* at 1. Defense Distributed alleges that Defendants have repeatedly censored its "pro-gun" videos and advertisements in violation of Texas Civil Practice and

1

25-51004.546

Remedies Code Chapter 143A, which prohibits social media companies from censoring a user based on viewpoint. *Id.* at ¶¶ 10, 12.[1] Plaintiff seeks a judgment declaring the illegality of Defendants' viewpoint discrimination and enjoining Defendants from any further illegal censorship. *Id.* at ¶ 12.

After Defense Distributed filed suit, Defendants removed this case to federal court and moved to transfer it to the Northern District of California. Dkt. 1; Dkt. 26.[2] Defendants argue that Defense Distributed agreed to multiple forum-selection clauses that require all claims "arising out of or relating to" the YouTube and Google Ads platforms to be "litigated exclusively in the federal or state courts of Santa Clara County, California." Dkt. 26, at 1–2. Defendants ask the Court to enforce the forum-selection clauses and transfer this case pursuant to 28 U.S.C. § 1404(a). *Id.* at 1.

## II.    Legal Standard

Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if it is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). When a party moves to transfer a case under this provision, the Court typically weighs several private and public interest factors "to determine whether the destination venue is 'clearly more convenient than the venue chosen by the plaintiff.'" *See In re Planned*

---

[1] The constitutionality of Chapter 143A is currently under review in *NetChoice, LLC v. Paxton*, No. 1:21-cv-00840-RP (W.D. Tex.).

[2] The day before Defendants moved to transfer, Defense Distributed moved to remand this case to state court. Dkt. 25. The Court exercises its discretion to resolve the motion to transfer before the motion to remand. *See KeyCity Cap., LLC v. Davenport Invs.*, LLC, No. 3:21-CV-2046-D, 2022 WL 581146, at *2 (N.D. Tex. Feb. 25, 2022) (noting that courts may address a motion to transfer before addressing subject matter jurisdiction).

25-51004.547

*Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). When a forum-selection clause is present, the Court first determines whether the clause is mandatory and enforceable. *See, e.g.*, *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 & 773 (5th Cir. 2016). If the clause is mandatory and enforceable, the Court then considers whether transfer is warranted under § 1404(a). *Id.* at 775–76. However, the Court adjusts its usual § 1404(a) analysis in three ways. *Atl. Marine*, 571 U.S. at 63.

First, the Court gives no weight to the plaintiff's choice of forum and places the burden on the plaintiff to establish that transfer is unwarranted. *Id.* Second, the court weighs the private-interest factors in favor of the preselected forum and considers arguments about the public-interest factors only. *Id.* at 64. Third, a transfer of venue will not carry with it the original venue's choice-of-law rules, which may affect public-interest considerations. *Id.* The practical result of this modified analysis is that forum-selection clauses should be given "controlling weight in all but the most exceptional cases." *Id.* at 63 (quotation marks and citation omitted).

## III.   Analysis

Defendants argue that the Court should transfer this case pursuant to the forum-selection clauses Defense Distributed agreed to. Dkt. 26, at 7. Defense Distributed does not dispute that its claims fall within the scope of the forum-

3

25-51004.548

selection clauses or that the clauses are mandatory. *See* Dkt. 35, at 5. Instead, Defense Distributed argues that the forum-selection clauses are unenforceable and, alternatively, that the public-interest factors overwhelmingly disfavor transfer. *Id.* at 5, 13.

The Court begins with the enforceability of the forum-selection clauses. "Federal law applies to determine the enforceability of forum selection clauses in diversity cases." *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1074 (5th Cir. 2020). Under federal law, there is a "strong presumption" in favor of enforcing mandatory forum-selection clauses. *Weber*, 811 F.3d at 773. But the presumption may be overcome "by a clear showing that the clause is 'unreasonable' under the circumstances." *Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997)).

There are several ways in which a forum-selection clause may be unreasonable. *Haynsworth*, 121 F.3d at 963 (listing four situations in which "[u]nreasonableness potentially exists"). Relevant to this dispute, a forum-selection cause is potentially unreasonable if enforcing the clause "would contravene a strong public policy of the forum state." *Id.* The party resisting enforcement on this ground bears a "heavy burden of proof." *PCL*, 979 F.3d at 1074 (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008)).

Defense Distributed argues that enforcing the forum-selection clauses would contravene a strong public policy of Texas. Dkt. 35, at 5-8. Specifically, Defense Distributed argues that enforcement would contravene Chapter 143A's venue and

25-51004.549

waiver provisions. *Id.* Chapter 143A's venue provision states that actions brought against social media platforms under this chapter shall be maintained in Texas notwithstanding any forum-selection clause in a contract:

### § 143A.0035. Venue and Choice of Law

Notwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract, an action brought under this chapter against a social media platform shall be brought and maintained in a court in this state, and the law of this state applies to the action.

Tex. Civ. Prac. & Rem. Code § 143A.0035. Chapter 143A's waiver provision voids waivers of the protections provided by the chapter as unlawful and against public policy and instructs courts not to enforce them:

### § 143A.003. Waiver Prohibited

(a) A waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract.

(b) The waiver prohibition described by Subsection (a) is a public-policy limitation on contractual and other waivers of the highest importance and interest to this state, and this state is exercising and enforcing this limitation to the full extent permitted by the United States Constitution and Texas Constitution.

*Id.* § 143A.003. Defense Distributed argues that these provisions, taken together, codify the strong public policy of the forum state that enforcement of Defendants' clauses would contravene. Dkt. 35, at 7.

The Court agrees. If the Court transferred this case to California pursuant to the forum-selection clauses, it would contravene Texas's policy that actions under

5

25-51004.550

Chapter 143A are to be "maintained" in this state notwithstanding any "forum selection" provision in a contract. Tex. Civ. Prac. & Rem. Code § 143A.003. It would also contravene Texas's policy that waivers of Chapter 143A's protections—including the protection provided by the venue provision—are void and unenforceable. *Id.* § 143A.003.

These public policies are undoubtedly strong. Texas made clear that it wants Chapter 143A actions litigated within its borders and that it does not tolerate contracts that waive the chapter's protections. *See id.* §§ 143A.003, 0035. Texas felt so strongly that it declared the waiver prohibition is "of the highest importance and interest to this state." *Id.* § 143A.003. Because enforcing the forum-selection clauses would contravene a strong public policy of the forum state, the Court finds that the clauses are unreasonable and will not enforce them. *See Haynsworth*, 121 F.3d at 963 (holding that forum-selection clauses may be unreasonable if enforcing them "would contravene a strong public policy of the forum state").

Defendants urge this Court to go the other way, but their arguments are not convincing. Defendants argue that since federal law governs the transfer analysis under § 1404(a) in diversity cases, state laws purporting to invalidate forum-selection clauses are irrelevant. Dkt. 40, at 2. Defendants are correct that federal law governs the analysis, but that does not render state laws purporting to invalidate forum-selection clauses irrelevant. Such laws are relevant to the threshold enforceability determination, which can hinge on whether enforcing the forum-selection clause

6

25-51004.551

"would contravene a strong public policy of the forum state." *Weber*, 811 F.3d 773 (quotation marks and citation omitted).[3]

Defendants next argue that to the extent state laws purport to direct federal courts not to consider forum-selection clauses, they are preempted under a line of Supreme Court authority. Dkt. 40, at 2. But for this argument to matter, the Court would have to be applying state law in deciding whether to transfer this case. That's not what the Court is doing. The Court is applying federal law to answer the threshold enforceability question. *PCL*, 979 F.3d at 1074. And federal law allows the Court to consider whether enforcement would contravene state public policy. *Weber*, 811 F.3d 773.

Finally, Defendants rely heavily on *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). *Stewart* held that a district court cannot apply state law alone when determining whether to transfer a case to a venue provided in a forum-selection clause; instead, the district court must apply federal law, specifically 28 U.S.C. § 1404(a), in resolving this issue. *Id.* at 30–32. Here, the Court is not applying state law in determining whether to transfer this case; it is following the Fifth Circuit's lead (in cases that post-date *Stewart*) by determining whether the forum-selection clauses are unenforceable as a threshold matter, which involves considering whether

---

[3] Defendants themselves cite a case in which the Fifth Circuit considered state public policy when deciding whether to enforce a forum-selection clause. Dkt. 26, at 13 (citing *Matthews v. Tidewater, Inc.*, 108 F.4th 361 (5th Cir. 2024)). Although *Matthews* held that the state's public policy did not outweigh the presumption of enforcement, its holding was limited to the facts presented and based on federal public policy considerations in the maritime context. *Matthews*, 108 F.4th at 370 (holding that the state's public policy "particular application in this case does not overcome the federal public policy's presumption of a maritime forum-selection clause's validity").

25-51004.552

the clauses contravene a strong public policy of the forum state. *See Weber,* 811 F.3d at 773.[4] *Stewart* therefore does not save Defendants' motion.

The Court finds that Defense Distributed has overcome the strong presumption in favor of enforcing the forum-selection clauses by clearly showing that the clauses at issue here are unreasonable given that enforcing them would contravene the strong public policy of Texas codified in Chapter 143A. Because the forum-selection clauses are unenforceable, the Court **ORDERS** that Defendants' motion to transfer to the Northern District of California, Dkt. 26, is **DENIED**.[5]

**SIGNED** on November 13, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] Defendants also argue that Chapter 143A.003 does not apply at all because the forum-selection clauses in this case are not "waivers" of the protections provide by Chapter 143A. Dkt. 26, at 6–9. Defendants did not raise this argument until their reply brief, so the Court declines to consider it. *See Ga. Firefighters' Pension Fund v. Anadarko Petrol. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (holding that "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence").

[5] The Court need not reach Defense Distributed's second argument regarding the public-interest factors. *See Weber*, 811 F.3d at 767, 773–75 (treating enforceability as a threshold question). Nor does the Court need to conduct a traditional § 1404(a) analysis because Defendants' motion relies solely on the forum-selection clauses. *See* Dkt. 26.

25-51004.553

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Jonathan Patchen*
Jonathan Patchen